UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKIE SUE BAILEY,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-2066 AC<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For the reasons that follow, the court will deny plaintiff's motion for summary judgment, and grant the Commissioner's cross-motion for summary judgment.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); <u>Bowen v. City of New York</u>, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); <u>Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler</u>, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

# I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income on March 17, 2014. Administrative Record ("AR") 174.[2] The disability onset date for both applications was alleged to be August 1, 2011. Id. The applications were disapproved initially and on reconsideration. AR 80-81 & 100-101. On August 31, 2016, ALJ Nancy M. Stewart presided over the hearing on plaintiff's challenge to the disapprovals. AR 35-59 (transcript). Plaintiff was present and testified at the hearing. AR 35. Plaintiff was represented at the hearing by Negin Mohajeri. Id. In addition, Steven Schmidt, a Vocational Expert (VE), was at the hearing. Id.

On December 2, 2016, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 16-27 (decision), 28-32 (exhibit list). On August 15, 2017, after receiving counsel's Representative Brief as an additional exhibit, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-6 (decision).

Plaintiff filed this action on October 5, 2017. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 8, 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 13-1 (plaintiff's summary judgment motion), 14 (Commissioner's summary judgment motion), 15 (plaintiff's reply regarding Commissioner's summary judgment motion).

# II. FACTUAL BACKGROUND

Plaintiff was born in 1966, and accordingly was 49 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 174; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff has a high school education, and can communicate in English. AR 200, 202.

---

[2] The AR is electronically filed at ECF Nos. 11-3 to 11-10 (AR 1 to AR 472).

2

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

////

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since August 4, 2015, the amended alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.)
>
> 3. [Step 2] The claimant has the following severe impairments: essential hypertension, osteoarthritis, right knee disorder with pain, and cervical spine disorder with radiculopathy (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(c), and 416.967(c), including lifting and carrying 20 pounds occasionally and 10 pounds frequently; standing and walking for six hours; and sitting for six hours in an eight-hour workday, with the following restrictions: the claimant can only push or pull with her bilateral arms on an occasional basis. She cannot perform overhead lifting with her bilateral arms. She cannot forcefully, grip, grasp, or torque with her bilateral upper extremities. She cannot hold her head in an extreme position to the left or right for longer than 30 seconds at a time. She cannot climb ladders, ropes, or scaffolds. She must avoid hazards such as unprotected heights, operating fast or dangerous machinery, or driving commercial vehicles. She can frequently hand, finger, and feel with both hands.

> 6. [Step 4] The claimant is capable of performing past relevant work as a dispatcher, administrative clerk, and clerk typist. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from September 15, 2009, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 16-27.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 26.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by (1) failing to properly credit the opinion of treating physician Dr. Nguyen, and (2) improperly relying on unsupported evidence by the VE, who testified to an incomplete hypothetical. ECF No. 13-1 at 2.

### A. The ALJ Properly Weighed the Opinion of All Medical Professionals

#### 1. The Medical Opinion Evidence

The record before the ALJ included the medical opinion of plaintiff's treating physician, Chi Nguyen, M.D., and those of two State agency medical consultants, E. Wong, M.D. and Jacqueline Farwell, M.D. The treating physician opined that plaintiff's pain and other symptoms were severe enough to interfere with the attention and concentration needed to perform even simple work-related tasks; that she would require unscheduled breaks every one to two hours and would likely be absent more than four times per month; that she could stand and walk for one hour and sit for three hours in an eight-hour work day; that she was significantly limited in reaching, handling, and fingering; and that she could only occasionally lift and carry less than 10 pounds. AR 450-451. In contrast, Drs. Wong and Farwell each found that plaintiff was capable of standing or walking for six hours, and sitting for six hours, in an eight-hour work day. AR 60-68 (Wong evaluation); AR 82-90 (Farwell evaluation). They each found exertional, postural and manipulative limitations significantly less severe than those identified by Dr. Nguyen. See id.

////

The ALJ gave little weight to the opinion of Dr. Wong, finding that it was not supported by the medical record. AR 25. The ALJ credited the opinions of Drs. Wong and Farwell, and incorporated the limitations they found into the assessed RFC. AR 25-26.

2. Principles Governing the ALJ's Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996). "Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted).

"The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298-99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

3. The ALJ Did Not Err in Assigning Little Weight to Dr. Nguyen's Opinion

The ALJ gave little weight to Dr. Nguyen's medical assessment for the following stated reasons: (1) Dr. Nguyen's assessment of exertional restrictions was unrelated to plaintiff's cervical radiculopathy; (2) Dr. Nguyen's opinion that plaintiff would be absent from work four days per month was not supported by anything in the medical record; and (3) the opinion was

////

inconsistent with the objective evidence, including treatment that was conservative and helpful. AR 25.

Plaintiff argues that these findings are unsupported and that "no other examining physician has contradicted [Dr. Nguyen's] opinion." ECF No. 13-1 at 10. The absence of a contrary opinion from another examining physician is not dispositive. Because Dr. Nguyen's opinion was contradicted by the opinions of non-examining physicians, the question is whether the ALJ articulated specific and legitimate reasons, that are supported by substantial evidence, for rejecting Dr. Nguyen's opinion.

In weighing Dr. Nguyen's opinion, the ALJ permissibly considered that the doctor's assessment of exertional limitations went beyond the scope of the conditions for which Dr. Nguyen was treating plaintiff. Dr. Nguyen's Physical Assesment of plaintiff, which is the opinion at issue, gives a diagnosis of cervical radiculopathy. AR 450. The medical record establishes that Dr. Nguyen was managing this condition along with plaintiff's hypertension, high cholesterol, and diabetes. AR 375-383, 453-457, 460-464, 468-472. Accordingly, in the course of the treating relationship Dr. Nguyen evaluated and monitored plaintiff's use of her upper extremities, her neck pain, and pain extending from her neck down her arms and/or into her back. See, e.g., AR 455. However, cervical radiculopathy has no necessary bearing on the ability to stand and walk, and nothing in Dr. Nguyen's opinion or treatment records supports a limitation on standing or walking. An ALJ may discount a treating physician's opinion on a matter unrelated to his treatment of a plaintiff; the lack of nexus between treatment and opinion constitutes a specific and legitimate reason for rejection of the opinion. See Le v. Astrue, 318 Fed. Appx. 552, 554-55 (9th Cir. 2009) (unpublished).

Although Dr. Nguyen did see plaintiff on one occasion for low back pain, AR 427-430, this was never identified as a chronic condition. Moreover, the record of that visit contradicts the severe limitations on standing and walking that are included in the doctor's Physical Assessment. While noting that a lumbar x-ray taken in the emergency room on a separate occasion showed "mild degenerative change," Dr. Nguyen recommended as part of plaintiff's treatment plan that she "do exercise such as brisk walking from 20-30 minutes a day." AR 427-28.

Although plaintiff argues that Dr. Nguyen's opinion as to walking and sitting is based on her knee and back pain (ECF No. 13-1 at 11-12), Dr. Nguyen never directly addressed plaintiff's knee pain, which was being conservatively treated by other physicians. See AR 22, 362, 427-28, 453-55, 462. In fact, the record supports ALJ's related finding that "the objective evidence and treatment of the claimant was conservative and helpful." The record demonstrates that plaintiff's back pain was effectively treated with physical therapy, that she experienced improved pain management, and that she preferred more conservative treatment to surgery. AR 357, 359-60, 362, 372, 405, 438, 453-55 (successfully received lower back injections from another physician and refused surgery), 462. Accordingly, the ALJ's reasons for rejecting Dr. Nguyen's opinion on walking and sitting limitations are specific, legitimate, and supported by the record. There was no error.

Plaintiff next challenges the ALJ's finding that nothing in the record would support a finding of four absences per month. The ALJ thoroughly reviewed the objective medical evidence. See AR 24-26. Dr. Nguyen did not identify any specific basis for the opinion as to absences, and the court's independent review of the medical record fails to reveal any substantial supporting evidence. Indeed. the only evidence presented to the ALJ that is consistent with Dr. Nguyen's opinion in this regard was plaintiff's own testimony – which the ALJ rejected as not credible as to the intensity, persistence and limiting effect of her symptoms. AR 23-25. Plaintiff has not alleged error in the credibility determination, and it appears to be supported by appropriate analysis. For these reasons, the court finds no error in the ALJ's conclusion that the medical record does not support Dr. Nguyen's opinion regarding likely absences.

Finally, plaintiff contends that the ALJ mischaracterized the record by stating that "the objective evidence and treatment of the claimant was conservative and helpful." Plaintiff's only argument in this regard is that she testified at the hearing that physical therapy and injections had been ineffective. AR 49-50. Other parts of the record, discussed above, indicate to the contrary that conservative treatment was working reasonably well. The only specific reference plaintiff makes to the medical record involves one doctor's appointment in 2015, at which Dr. Nkiruka Akabike noted plaintiff's report that shoulder pain had returned after a corticosteroid injection,

9

and that she was scheduled to see an orthopedic surgeon. AR 357. Plaintiff, however, ultimately rejected surgery. AR 391. Her course of treatment cannot be characterized as anything other than conservative, and some ebbing and flowing of symptoms is not inconsistent with generally successful pain control. Because conservative treatment inconsistent with a medical opinion is a specific and legitimate reason to reject a physician's testimony, Hanes v. Colvin, 651 F. App'x 703, 705 (9th Cir. 2016), this court finds no error.

For all the reasons explained above, the ALJ's reasons for rejecting Dr. Nguyen's opinion are sufficiently specific and legitimate, and are supported by substantial evidence in the record.

### 4. The ALJ Did Not Err in Crediting the Opinions of Drs. Wong and Farwell

The ALJ did not err in giving more weight to the opinions of Drs. Wong and Farwell than she gave to that of Dr. Nguyen. Plaintiff argues that the ALJ improperly weighed the Wong and Farwell opinions because they were drafted before plaintiff's October 2015 spinal MRI, and therefore were based on an incomplete record. Plaintiff points to Thompson v. Astrue, No. 1:10-CV-00711 GSA, 2011 WL 2680841, at *7 (E.D. Cal. July 8, 2011), arguing that ALJs cannot give much weight to the opinion of a non-examining physician who did not review a complete record. ECF No. 13-1 at 13. Plaintiff's reliance on Thompson is misplaced. In that case, "the ALJ improperly relied *only* upon a nonexamining physician's opinion which was given prior to the treating physician opinion." Thompson, No. 1:10-CV-00711 GSA, 2011 WL 2680841, at *8 (emphasis added).

Here, the ALJ considered the opinions of Drs. Wong and Farwell, along with the October 2015 MRI results and plaintiff's 2016 evaluation by neurosurgeon Robert Simons, M.D. AR 24-25. The ALJ noted that the MRI showed a bulging disc with cervical stenosis and cord compression. In February 2016, Dr. Simons nonetheless found plaintiff to have motor strength of five-out-of-five, and DTR results of four-out-of-four; all normal results. AR 24-26, 372, 470. He also found that plaintiff had intact sensation in her arms, and that her ambulation was normal. Id. As previously noted, plaintiff declined surgical intervention. Dr. Simon's post-MRI findings are consistent with the pre-MRI opinions of Drs. Wong and Farwell. Moreover, the ALJ noted that although plaintiff claimed "she could not turn her neck to the left and right . . . as she was

speaking [at the hearing], she was turning her head back and forth." AR 23.

In sum, the ALJ did not rely solely on state agency opinions in declining to adopt the opinion of Dr. Nguyen; plaintiff's objection on this point is not well taken. The ALJ conducted the proper analysis and permissibly concluded that the limitations found by Drs. Wong and Farwell were consistent with the medical record as a whole, including medical records that post-dated the opinions.

### B. The ALJ Did Not Err in Formulating the Hypotheticals Posed to the Vocational Expert

Plaintiff argues that the ALJ posed an improper hypothetical to the vocational expert, but does not identify any specific conflict between the RFC and the hypothetical. The court finds none. Compare AR 22 (RFC), 53-59 (hypotheticals). The ALJ's hypothetical was complete and appropriate because it was consistent with the restrictions supported by the medical record. Bruesch v. Colvin, 609 F. App'x 481, 482 (9th Cir. 2015) (ALJ adequately presented claimant's limitations because they were consistent with ALJ's findings).

Plaintiff's objection appears to be based solely on the ALJ's failure to include the limitations found by Dr. Nguyen. Because the ALJ did not err in rejecting those limitations, she did not err in omitting them from the hypotheticals posed to the VE.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13-1), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 14), is GRANTED;

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: November 28, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE